Filed 10/06/25

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 25-CV-1018



| | |
|---|---|
| In re: ESTATE OF ERIC C. PROVOST | DECISION ON MOTION |

## RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS

This probate case was transferred to the Civil Division to address "any issues arising out of the ownership, management, or operation of the LLC of which Decedent was a joint owner." Entry Order, dated Mar. 3, 2025 (granting request to transfer to Civil Division). After pleadings were filed, the Estate and its Administrator moved for judgment on the pleadings pursuant to Rule 12(c) of the Vermont Rules of Civil Procedure on the grounds that Petitioner lacks "standing" to bring these claims. For the following reasons, the motion is DENIED, but Petitioner is ordered to join the LLC as a party to this action.

The background to this dispute is that Petitioner James M. Cross and Decedent Eric C. Provost co-founded a limited liability company (J&E Enterprises, LLC) in 1999 for the purpose of owning and operating an automobile repair shop known as Twisted Wrench. From its formation until his death in 2024, Mr. Provost was primarily responsible for the financial books and records of the company. Mr. Cross alleges various instances of financial mismanagement and impropriety in Mr. Provost's management of the company's finances. He asserts that the books and records require substantial corrections, that Mr. Provost borrowed $350,000 for the company without Mr. Cross's authorization, and that Mr. Provost misappropriated company assets for his personal benefit. Mr. Cross further alleges that the company does not owe Mr. Provost's Estate $133,000 as apparently claimed by the Estate. The Estate's Administrator is Michele Altadonna, who was Decedent's spouse until his death.

The Estate and its Administrator (collectively, "the Estate") now seek judgment on the pleadings. The Estate's rationale for its motion is that Mr. Cross lacks standing to assert the claims of the company. It notes that, as to each claim, Mr. Cross in his individual capacity seeks to recover for alleged damages to the company or shield the company from damages claims of the Estate. Mot. at 4. Preliminarily, the Court questions whether "standing" is the best lens through which to view this issue. *See generally* Wright & Miller, 13A *Fed. Prac. & Proc. Juris.* § 3531 (3d ed.) ("The fascination of complex standing doctrine and the concern to observe constitutional limits on the judicial power occasionally lead courts to invoke public-law concepts to resolve concerns that are better addressed through private-law concepts."); *see also* 6A *Fed.*

*Prac. & Proc. Civ.* § 1542 (3d ed.) ("Real Party in Interest, Capacity, and Standing Compared"). In any event, this case was transferred from the Probate Division and specifically accepted by this Court to address the outstanding business disputes related to the LLC. Any "standing" concerns raised by the Estate can be addressed without dismissal of this action.

The Court agrees with the Estate that many, if not all, of Mr. Cross's claims appear to be more properly the claims of the company, rather than Mr. Cross personally. That is a "real party in interest" issue. *See* V.R.C.P. 17(a) ("Every action shall be prosecuted in the name of the real party in interest."); *see also Ditech Fin. LLC v. Brisson*, 2025 VT 54, ¶ 14. This problem can be addressed through joinder of the company as a party rather than through dismissal. Indeed, that is what the rule requires. *See* V.R.C.P. 17(a) ("No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."). Thus, the Court shall and must allow an opportunity for the real party in interest to be joined.

Order

For the foregoing reasons, the Motion for Judgment on the pleadings (Mot. # 4) is DENIED. Mr. Cross is ordered to join J&E Enterprises, LLC as a party to this action within 14 days of the date of this Order.

Within 14 days after J&E Enterprises, LLC is joined as a party to this action, the parties shall submit their proposed discovery scheduling order or otherwise advise the Court as to the proposed next steps.

Electronically signed on October 5, 2025 at 12:16 PM pursuant to V.R.E.F. 9(d).

Megan J. Shafritz
Superior Court Judge

2